IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| IMPACT OFFICE PRODUCTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GEORGE E. KRUG, JR., *et al.*, <br><br> Defendants. | Civil Action No. 10-CV-01864-AW |

**MEMORANDUM OPINION**

Pending before the Court is the Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction filed by Defendants, George E. Krug, Jr. and W.B. Mason Company, for failure to satisfy the $75,000 amount-in-controversy requirement of diversity jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons articulated below, the Court DENIES the motion.

**I. FACTUAL & PROCEDURAL BACKGROUND**

The following facts are drawn from the Complaint and affidavits submitted in connection with this motion. Impact Office Products ("Impact") is a national supplier of office supplies, office furniture, printing, and related services and products. Impact's sales depend on the personal relationships it develops with customers through its sales team. To protect its customer relationship, Impact requires its sales personnel to sign a "Proprietary and Nonsolicitation Agreement" ("Agreement"). Compl. ¶ 13.

In July 2008, Impact hired George E. Krug, Jr. as a sales representative to work from his home in Levittown, Pennsylvania. Krug's sales territory encompassed the Philadelphia

1

metropolitan area. Like other sales employees, Krug signed the Agreement, which prevents him from "soliciting the office products or services business of any prospective customer of Impact for a period of 12 months after Krug's employment with Impact ends." *Id.* ¶ 16. The Agreement further "prohibits [Krug] from becoming employed by a competing company that sells office supplies or services at a location within a 90 mile radius of any Impact location, for a period of 12 months after Krug's employment with Impact ends." *Id.* ¶ 17.

Krug resigned from Impact on June 25, 2010 to become a sales representative for W.B. Mason Company ("W.B. Mason") in the Philadelphia metropolitan area. W.B. Mason is in the same line of business as Impact, and Krug's position requires him to sell office products and services for W.B. Mason. Because Impact has an office in Mount Laurel, New Jersey and is within 90 miles of Krug's current employment location, Impact argues that Krug is in violation of the Agreement.

Impact brings this suit against Krug and W.B. Mason seeking compensatory damages, attorney fees, punitive damages, and injunctive relief. Defendants moved to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff has not satisfied the $75,000 amount-in-controversy requirement.

## II.  STANDARD OF REVIEW

The burden for establishing subject matter jurisdiction in diversity cases lies on the party seeking the jurisdiction of the federal court, which in this case is the Plaintiff. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). However, when a motion to dismiss relates to the amount-in-controversy requirement of diversity jurisdiction, the Plaintiff's burden is a light one: "the sum claimed by the plaintiff controls if the claim is apparently made in good faith.

It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S 283, 288-89 (1938) (footnotes omitted). "[T]he legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim. If the right of recovery is uncertain, the doubt should be resolved, for jurisdictional purposes, in favor of the subjective good faith of the plaintiff." *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957).

## III. ANALYSIS

Defendants argue that Plaintiffs have not satisfied the $75,000 amount-in-controversy requirement for diversity jurisdiction because Krug has not yet solicited any of Impact's customers, and any suggestion that his future actions will cause $75,000 in damage to Impact are too speculative. Defendants also contend that any potential attorney fees and punitive-damage awards cannot be considered in calculating the amount in controversy.

Plaintiff counters that even if Krug has not yet directly solicited any Impact customers, there is no guarantee that he will not do so in the future unless the Court grants an injunction. Furthermore, non-solicitation is not the only provision of the Agreement that Krug allegedly violated: Plaintiff argues that Krug's employment with W.B. Mason violates the non-competition clause, creating a potential risk that Krug's customers will follow him and bring their business to W.B. Mason even if he does not directly solicit them. Geary Fitzpatrick, Executive Vice President of Impact, estimates in his affidavit that unless the Court enforces the Agreement by issuing an injunction, Impact will suffer "a net loss of approximately 50% of Mr. Krug's current

customer base," resulting in a five-year loss projection of "more than $200,000." Doc. No. 14-1.[1]

In light of the allegations contained in the Complaint and the substantiated loss projections contained in Fitzpatrick's affidavit, the Court must deny Defendants' motion because it does not "appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul*, 303 U.S at 288-89. Even though the Court accepts (as uncontested) Defendants' claim that Krug has not solicited any Impact customers yet, that is not dispositive for two reasons: (1) he might solicit Impact customers in the future if not prevented by an injunction, and (2) Krug's employment with W.B. Mason, even if he solicits no Impact customers, allegedly violates the Agreement and may result in Impact customers following Krug to W.B. Mason. The Court should account for the future value of injunctive relief in calculating the amount in controversy, *see Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198, 1205 (4th Cir. 1979), and when this is done, Plaintiff can plausibly forecast over $75,000 in losses that could be prevented by an injunction.

Defendants cite to *Vargo v. Del. Title Loans, Inc.,* No. L-10-1251, 2010 WL 2998788 at *1 (D. Md. 2010) and *Delph v. Allstate Home Mortg., Inc.*, 478 F. Supp. 2d 852, 855 (D. Md. 2007) for the proposition that Impact's forecasts are too speculative to satisfy the amount-in-controversy requirement. However, both cases are distinguishable. In both cases, the Complaint pled damages that were below the jurisdictional threshold, and the defendants removed the case to federal court on the basis of diversity. Whereas courts defer to the allegations in the complaint

---

[1] Plaintiff also advances two additional arguments: (1) punitive damages should be included in the amount-in-controversy calculation, and (2) even if the gain to Plaintiff does not reach $75,000, the loss to Defendants does, which independently justifies federal jurisdiction under the "either party rule," *Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th Cir. 2002). Because the Court finds that the legal value of the injunctive relief to Plaintiff is sufficient to defeat Defendants' motion, the Court declines to address Plaintiff's alternative arguments at this time.

when plaintiffs file in federal court in the first instance, removal cases in which the defendant's amount-in-controversy allegations are not based on the plaintiff's complaint are governed by a stricter standard of review.[2]  Thus, *Vargo* and *Delph* are inapplicable, and the Court is satisfied that it has subject-matter jurisdiction to proceed with this case.

## IV.    CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED.  A separate Order will follow.

   October 29, 2010                                                           /s/
           Date                                                       Alexander Williams, Jr.
                                                                    United States District Judge

---

[2] Both cases cited by Defendant specifically state that courts "strictly construe" removal jurisdiction because it raises "significant federalism concerns."  *Vargo*, 2010 WL 2998788 at *1; *Delph*, 478 F. Supp. 2d at 853.  In *Vargo*, the defendant's amount-in-controversy allegations were not based on the value of the relief to the plaintiff (which, if based on plaintiff's complaint, would have received deference), but on defendant's projections of the losses it would incur if plaintiff were to win. *Vargo*, 2010 WL 2998788 at *1.  In *Delph*, the defendant did rely on the value of relief to the plaintiff, but the complaint indicated that damages were under $75,000, and thus the defendant bore the burden of showing to "a legal certainty" that the complaint had underestimated the true level of damage suffered by the plaintiff.  *Delph*, 478 F. Supp. 2d at 853.  That daunting standard of review is the exact opposite of the relaxed burden Plaintiff bears in this case: "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  *St. Paul*, 303 U.S at 288-89.